Bobby D. LACY, Plaintiff–Appellee,

v.

SITEL CORPORATION, Defendant–Appellant.

No. 00–10079
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 2000.

Bobby Dean Lacy, San Angelo, TX, pro se.

Mark Edward McQueen, Thomas Michael Welsh, Berens & Tate, Omaha, NE, for Defendant–Appellant.

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

In this action for race discrimination under title VII, the district court entered default judgment for plaintiff Bobby Lacy in the amount of $30,000—the amount prayed for in his petition. Claiming good cause for relief, the defendant, Sitel Corporation ("Sitel"), moved to vacate judgment, which the court denied. Because such denial was an abuse of discretion, we REVERSE and REMAND for further proceedings.

I.

Under Federal Rules of Civil Procedure 55(c) and 60(b), a district court may set aside an entry of default or de-

fault judgment for "good cause." We review the denial of such relief only for abuse of discretion.[1] Any factual determinations underlying that decision are reviewed for clear error.[2]

"Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal."[3] Furthermore, federal courts should not be agnostic with respect to the entry of default judgments, which are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger—Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir.1984). Thus, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Gen. Tel. Corp.,* 277 F.2d at 921.

To determine whether good cause to set aside a default exists—a "decision necessarily ... informed by equitable principles"—"we have found it useful to consider three factors ... [:] whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[4] Other factors may also be considered, including whether "the defendant acted ex-

peditiously to correct the default." *Dierschke,* 975 F.2d at 184. A finding of willful default ends the inquiry, for "when the court finds an intentional failure of responsive pleadings there need be no other finding."[5]

## II.

### A.

Sitel was guilty of no such willfulness. On April 23, 1999, it received a file-stamped copy of the original petition, attached with a request for waiver of service of process, as provided under Fed.R.Civ.P. 4(d). On April 27, however, the court granted Lacy's motion to proceed *in forma pauperis* and, pursuant to Fed.R.Civ.P. 4(c)(2), directed that service be effected by the court clerk by certified mail.

Sitel concedes that it mistakenly assumed that the April 27–ordered mailing was redundant and wrongly failed to realize that service was validly effected with that mailing. Even so, Sitel's was not a case of a defendant's "cho[osing] to play games" with the district court by failing to act on the litigation. *Dierschke,* 975 F.2d at 183 (quotations omitted). Quite to the contrary, counsel for Sitel made repeated contacts with Lacy in an attempt to resolve the suit. During those contacts,

---

**1.** *See Gen. Tel. Corp. v. Gen. Tel. Answering Serv.,* 277 F.2d 919, 921 (5th Cir.1960) ("At times the grounds put forward by the moving party, if proved or admitted, will entitle the defaulting party to relief as a matter of law. More often the grant or denial of the motion will involve the exercise of a sound discretion; and the trial court's exercise of discretion will be interfered with by the appellate court only where there is an abuse.") (quotations omitted); *In re Dierschke,* 975 F.2d 181, 184 (5th Cir.1992) ("The determination that the default should not be set aside is reviewed for abuse of discretion.").

**2.** *See Dierschke v. O'Cheskey (In re Dierschke),* 975 F.2d 181, 184 (5th Cir.1992); *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 64 (5th Cir.1992).

**3.** *CJC Holdings,* 979 F.2d at 63 n. 1 (quotations omitted). *See also United States v. One Parcel of Real Property,* 763 F.2d 181, 183 (5th Cir.1985) ("because modern federal procedure favors trials on the merits, an abuse of discretion need not be glaring to justify reversal") (quotations omitted).

**4.** *Dierschke,* 975 F.2d at 183–84 (quotations omitted). *See also CJC Holdings,* 979 F.2d at 64; *One Parcel of Real Property,* 763 F.2d at 183.

**5.** *Dierschke,* 975 F.2d at 184. By contrast, willful evasion of process is not grounds to support entry of default judgment. *See Berthelsen v. Kane,* 907 F.2d 617, 622 (6th Cir. 1990).

which began within two weeks of Sitel's first receipt of the petition, counsel requested written confirmation that Lacy was representing himself in the litigation so that they could begin discussing potential resolutions of the matter. Lacy agreed to do so but never actually produced such a writing.

Significantly, during the course of these contacts, Sitel made plain its intention not to agree to waiver of service and its belief that service therefore had not yet been effected. In a letter to Lacy dated June 14, 1999, counsel for Sitel indicated that "we are declining your request that SITEL sign and return the Waiver of Service of Summons. In other words, should you choose to continue to ignore our efforts to communicate with you, you must take the appropriate steps to effect formal service of your Petition in a manner authorized by the Federal Rules of Civil Procedure."

Despite this notice, at no time did Lacy ever disabuse Sitel of its mistaken belief that service had not yet been effected. Nor does Lacy contest any of these allegations on appeal.

All of this amounts to the conclusion that, although service had in fact been validly effected, there is nothing in the record to indicate that Sitel's failure to respond was willful. The decision to deny its requested relief must therefore rest on some other equitable ground.

### B.

There is no prejudice to the plaintiff where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping [relief] it obtained ... without a trial and by default. All that

... has [been] done is to give the defendants their day in court."[6]

Thus, mere delay does not alone constitute prejudice. Rather, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen*, 907 F.2d at 621. Lacy makes no such showing, however. Nor does any potential for unfair prejudice appear in the record.

### C.

Even in the absence of willful neglect by the defendant or unfair prejudice to the plaintiff, a district court may have the discretion not to upset a default judgment if the defendant fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party. Under title VII, an employee must show that his employer took an adverse employment action improperly motivated by his race. A *prima facie* case may be established by circumstantial evidence from which discriminatory intent might be inferred. To make out a circumstantial case, the employee must prove (1) that he is a member of a protected class, (2) that he was at all times qualified for the position at issue, (3) that he was nonetheless refused employment or an employment benefit, and (4) that the employment or employment benefit went to an individual who differs from the plaintiff with regard to that class.[7]

The employer then has the opportunity to rebut the inference of discrimination by producing a legitimate, non-discriminatory business justification for the action, under the familiar burden-shifting approach first articulated by the Supreme Court in *McDonnell Douglas*. At that point, the employer's burden of production evaporates, and it is left for the employee to

---

6. *Gen. Tel.*, 277 F.2d at 921. *See also One Parcel of Real Property*, 763 F.2d at 183.

7. *See Ivy v. Jones*, 192 F.3d 514, 516 (5th Cir.1999).

prove that he suffered from improper discrimination, and that the employer's asserted legitimate justification was mere pretext and did not actually motivate the employment action.[8]

■ Sitel has presented a meritorious defense by proffering a legitimate, nondiscriminatory justification for refusing to promote Lacy—his inferior qualifications. Lacy began working at Sitel in January 1996 as a Customer Sales Representative. In June of that year, he applied for the position of Customer Service Assistant. The next month, he applied to become a Verifications Clerk. According to Lacy, both applications were rejected because he is black. In response, Sitel presented ample evidence indicating that it filled those positions with individuals possessing qualifications superior to Lacy's.

To survive a motion for summary judgment, Lacy will need to counter Sitel's assertions either with direct evidence of discriminatory motive or evidence suggesting that his purported justifications are pretextual. For now, Sitel has presented an adequate defense to set aside the default judgment, in light of the absence of other, countervailing equitable considerations.

REVERSED and REMANDED.

---

**8.** *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506–08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Reeves v. Sanderson Plumbing Products, Inc.,* —— U.S. ——, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000).