**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-60549
(Summary Calendar)

ANN E. LUSK,

Plaintiff-Appellant,

versus

DONALD H. RUMSFELD, Secretary, Department
of Defense (Defense Contract Audit Agency),

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi, Southern Division
1:96-CV-122-GR

May 07, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:*

Ann E. Lusk ("Lusk") appeals from the district court's grant of judgment as a matter of law,

pursuant to Fed. R. Civ. P. 52, on her Title VII claims of race and sex discrimination and creation of

a hostile work environment. For the following reasons, we affirm the district court's ruling.

FACTUAL AND PROCEDURAL BACKGROUND

After exhausting her administrative remedies, Lusk brought claims against the Secretary of

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the United States Department of Defense ("the Secretary"), under 42 U.S.C. § 2000e-16(c) of the Civil Rights Act of 1964 ("Title VII"). Lusk, a white female, alleged discrimination on the bases of race and sex.

Lusk was employed with the Defense Contract Audit Agency ("the Audit Agency"), an agency of the United States Department of Defense ("the Department of Defense"), from March 1974 to May 21, 1999. She worked as a supervisory auditor, with a rating of GS-511-13, at Ingalls Shipbuilding in Pascagoula, Mississippi. Effective January 16, 1994, Lusk received an in-grade reduction to the position of auditor, with a rating of GS-511-12. She received this demotion as a result of a non-separation reduction in force.

Auditors at the Audit Agency are evaluated on a five-level rating system. The possible ratings are "Outstanding," "Exceeds Fully Successful," "Fully Successful," "Minimally Acceptable," and "Unacceptable." In determining which auditors would be subject to the reduction in force, one of the criteria used was the employee's ratings for the years 1991, 1992, and 1993. Lusk did not receive a rating higher than "Fully Successful" during those years. In fact, as a supervisory auditor, she never received a rating higher than "Fully Successful." In her suit against the Secretary, Lusk complained that she was treated differently from three similarly situated white males and a black female, all of whom received better evaluations than she and were not subjected to a loss of grade and position. She also claimed that she was harassed and ostracized by management and, as a result, transferred.

John Compton ("Compton"), a white male, became Lusk's supervisor in 1991. He conducted Lusk's performance review during the relevant period. Compton and Lou Esposito ("Esposito"), the regional audit manager, agreed to reexamine Lusk's evaluation when Lusk challenged her 1993

2

performance rating. As part of this reexamination, Lusk was expected to provide specific reasons as to why she considered her performance ratings inaccurate. Instead, she merely disagreed with the ratings and requested that Compton provide specific instances to justify the ratings. Upon further review of Lusk's work, Compton found no reason to change the ratings.

In his deposition, Compton stated that he had used the same methodology in evaluating Lusk as he had used in rating Rose Mary Taylor ("Taylor"), a black female who received an "Exceeds Fully Successful" rating. He also stated that Lusk's performance did not warrant an "Exceeds Fully Successful" rating because of her deficiencies in leadership ability, quality of audit services supervised, and staff supervision. Moreover, Compton testified that he did not know that Lusk's rating would have an adverse effect on her position.

Following a nonjury trial, the district court made findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52. The court concluded that Lusk had failed to provide evidence, other than her own subjective assertions, to support her claims of race and sex discrimination. Regarding her hostile work environment claim, the court found that Lusk had failed to show that her performance evaluations were based on her sex or that she had informed anyone that she received the evaluations because of her sex. The district court granted the Secretary judgment as a matter of law and dismissed Lusk's suit with prejudice.[1] Lusk now appeals the court's ruling.

DISCUSSION

Lusk challenges the district court's grant of judgment as a matter of law in favor of the

---

[1]In a previous ruling, the district court granted the Secretary's summary judgment motion on Lusk's claims relating to her 1992 evaluation for failure to timely exhaust her administrative remedies. The court determined, however, that the circumstances of the evaluation could be "considered in the chain of events used for determining the remainder of the plaintiff's charges."

Secretary. She claims that she presented sufficient evidence to support her claims of discrimination, creation of a hostile work environment, and retaliation. Lusk also claims that the district court erred in failing to address her allegations that the Department of Defense obstructed the investigation of the Equal Employment Opportunity Commission ("EEOC") into her complaint. Specifically, she asserts that Compton instructed employees to be uncooperative with the investigators.

I.      Standard of Review

"A federal court of appeals reviews a judgment on the merits of a nonjury civil case applying the usual standards of review." Jarvis Christian Coll. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 197 F.3d 742, 745 (5th Cir. 1999). We review the district court's factual findings for clear error and its legal conclusions de novo. See id. at 745-46. We will find a district court's factual determination to be clearly erroneous only "'[w]hen after an examination of the entire evidence, we are 'left with the definite and firm conviction that a mistake has been committed.'" Luhr Bros. Inc., v. Shepp (In re Luhr Bros. Inc.), 157 F.3d 333, 338-39 (5th Cir. 1998) (quoting Justiss Oil Co., Inc. v. Kerr-McGee Ref. Corp., 75 F.3d 1057, 1062 (5th Cir. 1996)). Furthermore, "[i]f the district court's account of the evidence is plausible in light of the record reviewed as a whole, [we] may not reverse even if [we are] convinced that, had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently." Jarvis Christian College, 197 F.3d at 746.

II.     Waived Claims

As an initial matter, we note that Lusk did not present her claim of retaliation to the district court, and thus we will not consider it in this appeal. See Texas v. United States, 730 F.2d 339, 358 n.35 (5th Cir. 1984). Similarly, we decline to consider her claim that the Department of Defense

4

obstructed the investigation into her complaint, as this claim was not presented to the district court.[2]

III.    Lusk's Claims of Sex and Race Discrimination

To prevail on a Title VII discrimination claim, a plaintiff is required to establish a prima facie case of discrimination. See Crawford v. Formosa Plastics Corp., La., 234 F.3d 899, 901-02 (5th Cir. 2000). Specifically, she must show that (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was at all times qualified for her position; and (4) she was treated differently than similarly situated employees outside of the protected class. See Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000). The defendant "then has the opportunity to rebut the inference of discrimination by producing a legitimate, non-discriminatory business justification for the action, under the familiar burden-shifting approach first articulated by the Supreme Court in McDonnell Douglas."[3] Id. The plaintiff must then show that she was subjected to discrimination and that any asserted non-discriminatory justification is merely pretext. See id. at 293-94.

Recently, the Supreme Court resolved a split among the circuits on the issue of whether a defendant is entitled to judgment as a matter of law where a discrimination plaintiff's case consists only of a prima facie case under McDonnell Douglas and sufficient evidence for a reasonable trier of fact to reject the defendant's legitimate, nondiscriminatory explanation for its decision. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 140 (2000). The Court found that such evidence is sufficient for a plaintiff to withstand a grant of judgment as a matter of law in favor of the defendant. Id. at 148. This Court has on several occasions articulated the post-Reeves standard.

---

[2]The Secretary also argues that the tort claims asserted by Lusk in her complaint have not been administratively exhausted and are preempted under Title VII. As Lusk has not addressed the tort claims in this appeal, we consider them abandoned.

[3]See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

See, e.g., Evans v. City of Bishop, 238 F.3d 586, 591 (5th Cir. 2000) (finding that a plaintiff may survive summary judgment once she has "established a prima facie case of discrimination and put forth sufficient evidence for a fact finder to find [the employer's] proffered reasons to be pretextual"); Russell v. McKinney Hosp. Venture, 235 F.3d 219, 223 (5th Cir. 2000) ("'[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.'"). Thus, to avoid a grant of judgment as a matter of law, a prima facie showing by Lusk coupled with sufficient evidence of pretext may have been sufficient.

The Secretary argues that Lusk failed to establish a prima facie case of race or sex discrimination and that she did not rebut his legitimate, nondiscriminatory reasons for her 1993 performance evaluation. "Because the ebb and flow of the burden-shifting is intended to apply at interim stages of a proceeding, *i.e.*, when a party's rights are affected by a record containing less than full proof, . . . a reviewing court need not examine the adequacy of the showing at any stage of the burden-shifting framework after a case has been fully tried on the merits." Boehms v. Crowell, 139 F.3d 452, 457-58 (5th Cir. 1998). Thus, because Lusk and the Secretary "have been allowed to present their full proof," our task "is simply to determine 'whether there was sufficient evidence from which a reasonable trier of fact could have concluded that [race or sex] discrimination occurred.'" Id. at 458 (quoting Woodhouse v. Magnolia Hosp., 92 F.3d 248, 252-53 (5th Cir. 1996)). We find that there was not.

The Secretary asserts that Lusk's race discrimination claims are based solely on conjecture and that her allegations are conclusory. We agree. Because three similarly situated employees who received higher evaluations than Lusk are white, Lusk's claim that she was treated differently because

6

of her race can only be with respect to Taylor, the only nonwhite supervisory auditor. However, Lusk's claim that she was treated less favorably than Taylor, a black female supervisory auditor, because of race is simply not supported by any evidence. In fact, Lusk only points to an amorphous threat by Taylor to file a claim with the EEOC if Taylor received a rating less than "Exceeds Fully Successful." Assuming that there was a genuine threat, that one employee has intimidated her supervisor to treat her more favorably than another employee is not a basis for a claim of race discrimination because race was not the motivation for the different treatment. Rather, the threat was the motivating factor. Therefore, assuming that Lusk has established a prima facie case of racial discrimination, she has offered nothing, other than her own opinion, to rebut the Secretary's legitimate, nondiscriminatory reason for giving her a lower evaluation than Taylor. Moreover, that three other white supervisory auditors received higher ratings than Lusk strongly indicates that race was not a factor in Lusk's evaluation.

With respect to her sex discrimination claim, Lusk has offered no evidence beyond the prima facie case other than her own subjective opinions. She simply argues that she does not feel that she was evaluated fairly, particularly given that other auditors regularly sought advice from her and thought highly of her ability. Regarding Compton, she stated the following opinion in her deposition: "I don't think it was that [Compton] didn't like me. I think he did not like a female that had more knowledge than him." However, Lusk also conceded that she had never, even before Compton became her supervisor, received a rating higher than "Fully Successful" while she was a supervisory auditor. Moreover, when given the opportunity by Esposito to provide specific reasons as to why she considered her performance ratings inaccurate, Lusk only disagreed with her ratings in a subjective manner.

7

"[M]ere acceptance of an employee's favorable assessment of his own qualifications generally cannot permit a factfinder to conclude that an employer's reasons for a challenged employment action are pretextual." Boehms, 139 F.3d at 459. There must be some other evidence from which to infer discriminatory intent. While Lusk does point to an incident in which Compton yelled at her in the presence of other supervisory auditors, it is insufficient to establish discriminatory intent in light of the other evidence, namely that Lusk had never received a rating higher than "Fully Successful" and that another woman, Taylor, received an "Exceeds Fully Successful"rating from Compton. Accordingly, we find that the district court's conclusion that Lusk offered no evidence to support a finding of intentional discrimination is not clearly erroneous.

IV.     Lusk's Claims of Hostile Work Environment

To support a claim of hostile work environment, a plaintiff must demonstrate the following: "(1) that she belongs to a protected group; (2) that she was subjected to unwelcome harassment (3) based on sex, (4) which affected a term, condition, or privilege of her employment; and (5) that her employer knew, or should have known, of the harassment and failed to take prompt remedial action." Skidmore v. Precision Printing & Packaging, Inc., 188 F.3d 606, 615 (5th Cir. 1999). Lusk has wholly failed to establish a hostile work environment claim. In fact, she only states in a very conclusory fashion that she was subjected to an "abusive work environment." Furthermore, as the district court found, Lusk has not shown that she informed anyone that she was subjected to abuse because of her sex. Thus, we do not find that the district court erred in dismissing her hostile work environment claim.

CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of judgment as a matter of

8

law in favor of the Secretary and its dismissal of Lusk's Title VII claims.

AFFIRMED.