United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61023
Summary Calendar

_____

DIRECTV, INC.

Plaintiff-Appellee,

versus

CHARLES YOUNG, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
No. 4:04-CV-118

_____

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:*

This appeal arises from Appellee DirecTV, Inc.'s ("DirecTV") lawsuit against Appellant Charles Young, Jr. ("Young") for his piracy of DirecTV's satellite communications. Due to Young's complete failure to defend the lawsuit, the district court entered a default judgment against Young. DirecTV, Inc. v. Young, No. 4:04CV118 (S.D. Miss. Aug. 1, 2005). Young argues that the district court abused its discretion by not granting him relief under FED. R. CIV. P. 60(b). Young also contends that the district

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in striking his untimely answer. Because the district court did not abuse its discretion, we AFFIRM.

## I. BACKGROUND

DirecTV filed a complaint against Young on June 29, 2004. On August 23, 2004, more than a month after Young's answer was due, Young's first counsel in the case filed a motion to withdraw, citing Young's pattern of "refrain[ing] from cooperation with counsel's efforts to represent him in this matter" and "refusal to answer calls from or come sign anything with or for counsel."

In light of the withdrawal of Young's counsel, DirecTV made repeated efforts to communicate with Young in an effort to get him to engage in settlement discussions or defend the lawsuit. In a February 4, 2005 letter, DirecTV's counsel reminded Young that, as of September 27, 2004, his attorney had withdrawn and his answer was overdue. DirecTV also extended Young's deadline to file an answer to February 21, 2005.

In a follow-up letter dated March 30, 2005, DirecTV repeated its willingness to settle the matter and, once again, reminded Young that he had failed to submit an answer. DirecTV again gave Young more time in which to file an answer, setting a new deadline of April 15, 2005. However, the letter made clear that, if Young failed to file an answer, DirecTV would "initiate default judgment proceedings" and "[t]he Court could enter a default judgment against you in the amount of $350,000 plus

2

attorney's fees." Young, No. 4:04CV118, slip op. at 5.

In an April 15, 2005 phone call, DirecTV's counsel once again agreed to postpone default judgment proceedings and send Young another copy of the complaint. In an April 27, 2005 followup letter, DirecTV's counsel wrote, "This case has been pending since June 29, 2004, and you were served with a copy of the Complaint on July 14, 2004. Your answer is extremely overdue! If you have not filed an answer by Monday, May 9, 2005, we will proceed with default." Id. at 6. Young did not file an answer by May 9; thus, DirecTV filed an application for entry of default the next day. On May 13, 2005, the district court clerk entered default against Young. On June 1, 2005, DirecTV moved for default judgment, seeking $350,000 in statutory damages plus attorney's fees. In response, on June 6, 2005 — eleven months after he had been served with the complaint — Young filed an answer. On June 24, 2005, DirecTV filed a motion to strike Young's untimely response.

On August 2, 2005, having received no response from Young on the motion for default judgment or motion to strike answer, the district court granted DirecTV's motion to strike, and ordered and entered a default judgment, awarding DirecTV $350,000 in statutory damages plus reasonable attorney's fees.

## II. DISCUSSION

We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. Seven Elves, Inc. v. Eskenazi,

3

635 F.2d 396, 402 (5th Cir. 1981). Under Rule 60(b)(1), a district court may grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect" on a motion made within one year of the judgment. FED. R. CIV. P. 60(b)(1). In determining whether sufficient grounds exist for setting aside a judgment, district courts are to consider: (1) the culpability of the defendant's conduct; (2) the extent of prejudice to the plaintiff; and (3) the merits of the defendant's asserted defense. Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 938 (5th Cir. 1999). Additional factors may be considered by the court as well, and "the decision of whether to grant relief under Rule 60(b)(1) falls within [the court's] sound discretion." Id. at 939. Finally, "[a] finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no further finding.'" Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (quoting Dierschke v. O'Cheskey (In re Dierschke), 975 F.2d 181, 184 (5th Cir.1992)).

Young argues that the district court abused its discretion in denying his motion to set aside the default judgment. The district court denied Young's motion because of his willful conduct, namely his complete failure to act after having been specifically informed by DirecTV that it would seek a default judgment if he did not file an answer by May 9, 2005. Young, No. 4:04CV118, slip op. at 7, 8. Young contends that his conduct was not willful. Rather, he contends that his failure to respond was

4

due to his counsel's unilateral decision to withdraw and his ignorance of the processes of the court.

We note at the outset that the district court engaged in a detailed examination of the lengthy correspondence between DirecTV and Young prior to finding that Young's failure to file an answer had been willful. That correspondence, coupled with Young's inaction, is the basis on which the district court refused to set aside the default judgment. Young, No. 4:04CV118, slip op. at 7-8. Significantly, the district court recognized that it was irrelevant to its willfulness analysis that Young had not received his original counsel's notice of withdrawal. Id. at 4, 6-7. Regardless of whether Young learned in September 2004 that his counsel had withdrawn, the district court found that Young could not argue plausibly that he was without notice of this development by March 2005. Id. at 6. As noted supra, in a February 4, 2005 letter to Young, DirecTV stated that Young's counsel had withdrawn as of September 24, 2004. And a followup letter from DirecTV to Young on March 30, 2005 made the same statement. The district court's review of the record led it to conclude that "[i]t appears from the foregoing that Young's assertion to the court that he was unaware until May 2005 that Mr. Ready had been allowed to withdraw as counsel in the fall of last year is not true." Id.

Additionally, in its analysis, the district court gave Young the benefit of the doubt by noting that, prior to DirecTV setting the May 9, 2005 deadline, Young's failure to file an answer

5

did not appear to be willful. Id. In so concluding, the court noted that the record demonstrated that DirecTV sought to engage Young in settlement discussions and agreed to a series of extensions for Young to file his answer. Id. The district court decided, however, that DirecTV's April 27, 2005 letter to Young changed the dynamics of the discussions between the parties in a significant way. Id. at 7. As noted supra, DirecTV made clear in its April 27 letter that Young's answer was "extremely overdue" and that if Young did not file an answer by May 9, 2005, the company would proceed with default.

In coming to its decision that Young's failure to answer was willful, the court also noted that, not only had Young failed to answer or seek an extension by the May 9 deadline, but also failed to make any response to DirecTV's May 10, 2005 application for entry of default. The district court summed up its finding of willfulness as follows:

> Given that he has offered no explanation whatsoever for any of these failures, the court cannot conclude that they were other than willful. Young had been specifically apprised that an answer would be due on or before May 9, 2005, and that DirecTV would seek a default judgment were one not filed, and yet he did nothing. He did not try to find an attorney; he did not ask DirecTV or the court for more time; and he did not file an answer.

Id. at 7.

Young has failed to show how the district court abused its discretion; thus, we find no reason to disturb the court's decision to not set aside the default judgment. Further, because

6

we hold that the district court did not abuse its discretion in concluding that Young's failure to file an answer was willful, it is unnecessary for us to analyze the other Rule 60(b) elements. See Dierschke, 975 F.2d at 184 (noting that "when the court finds an intentional failure of responsive pleaings there need be no other finding").

Finally, Young contends that the district court erred by granting DirecTV's motion to strike his untimely answer. The entry of the default judgment against Young disposed of all matters relating to this case. The district court noted, "Although Young did later obtain counsel and file an answer, he did so only after the clerk had already entered default and DirecTV had moved for entry of a default judgment . . . . His default at that point could not be cured simply by the filing of an untimely answer." Young, No. 4:04CV118LN, slip op. at 8. Additionally, the court noted that Young had failed to respond in opposition to DirecTV's motion to strike Young's answer, and thus the motion should be granted as unopposed pursuant to Local Rule 7.2(C). The district court's decision to strike Young's response pursuant to FED. R. CIV. P. 12 was not an abuse of discretion.

### III. CONCLUSION

For the reasons stated above, we **AFFIRM**.

7