United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20539
Summary Calendar
_____

MELVIN WARE,

Plaintiff-Appellant,

versus

JAMES A. ZELLER, Senior Warden; FRED A. HODGE; IKEDINOBI U. ENI,
M.D.; MS. K. HAWKINS, R.N.; MS. A. HARDY, R.N.C.; JANET HENLY;
FRANCES CHERIAN, Doctor,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CV-3378
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Melvin Ware, pro se Texas prisoner # 783227, filed a 42

U.S.C. § 1983 action against the University of Texas Medical

Branch (UTMB); James A. Zeller, the Senior Warden of the Ferguson

Unit; the Texas Department of Criminal Justice - Institutional

Division (TDCJ-ID); Correctional Officer Fred A. Hodges; Dr.

Ikdedinobi Eni; Dr. Frances Cherian; Janet Henly, a UTMB licensed

vocational nurse; Kathy Hawkins, a UTMB registered nurse; and

Alegra Hardy, a UTMB registered nurse. Ware alleged that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants denied him proper medical treatment in violation of the Eighth Amendment and various Texas laws.  He appeals the district court's summary judgment dismissal of his Eighth Amendment claims and the district court's granting of a motion to set aside a default judgment against Dr. Cherian.  He also seeks to supplement the record with two documents.

A.    Summary judgment and qualified immunity

This court reviews de novo the district court's grant of summary judgment under the familiar standard of FED. R. CIV. P. 56(c).  See Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003).  Government officials acting within their discretionary authority are immune from civil liability for damages if their conduct does not violate clearly established constitutional rights of which a reasonable person would have known.  See Flores v. City of Palacios, 381 F.3d 391, 393-94 (5th Cir. 2004).  Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain.  See Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

The summary judgment evidence, viewed in the light most favorable to Ware, shows the following: Ware began complaining of pain in his testicle and abdomen on November 20, 1999.  Officer Fred Hodges was alerted.  His unrebutted testimony shows that he

informed a picket officer twice that Ware needed to go to the infirmary, and the picket officer relayed to him that Ware needed to walk there. Officer Hodges told the picket officer that Ware stated that he was unable to walk. He took no further action.

After Ware's cellmate notified another officer, Ware was taken by wheelchair to the infirmary, where he was examined by defendants Kathy Hawkins and Janet Henly. The medical records indicate that Ware was in excruciating pain and was twisting from side to side on his stretcher. Nurse Hawkins attempted to telephone the on-call physician, Dr. Cherian, but she was unable to reach him. She then contacted defendant Dr. Eni, who instructed Nurse Hawkins to give Ware a shot of Stadol and to monitor him for one to two hours. Dr. Eni also directed that, if Ware was not stable, Nurse Hawkins was to call Dr. Cherian or Dr. Eni. Nurse Hawkins checked on Ware's condition periodically. At the end of her shift, she asked if he was feeling ill from the medicine, and Ware replied that he was "okay," although he also allegedly stated that he was scared and needed to go to the hospital.

Nurse Hawkins was replaced by defendant Allegra Hardy, who conducted a musculoskeletal examination of Ware and noted that his pain had first occurred some weeks prior during exercise. Later that evening, she discharged him to his cell with Tylenol. She refused to allow him to use a wheelchair, but she gave him a

crutch.  Ware was given a return pass to the infirmary for the following day, Sunday, as well as for Monday to see a physician.

The next day, Sunday, November 21, Ware returned to the infirmary, carried by three fellow inmates.  He explained that he was in pain and was experiencing swelling in his testicle.  Nurse Henly informed him that there was nothing to be done as he had an appointment the following day with a physician, and she sent him back to his cell.

On Monday, November 22, 1999, Ware was finally examined by a physician in the infirmary.  At that point, his left testicle had swollen to four times its normal size and had become hard.  A condition called testicular torsion was suspected.  Ware was sent to the hospital, where the diagnosis was confirmed and where he underwent surgery to remove the testicle.  According to Ware, he was told by a hospital physician that if he had been treated earlier, the testicle might have been saved.

With respect to Officer Hodges, Ware offers no evidence rebutting Hodges' contention that he relayed the information to his picket officer, who contacted the infirmary.  Thus, although Hodges allegedly was slow to respond initially and purportedly accused Ware of faking, he did not utterly ignore Ware's complaints or fail to render any assistance; thus, he did not exhibit deliberate indifference.

Both Nurse Hawkins and Nurse Hardy provided Ware with treatment and followed Dr. Eni's instructions.  Although Ware

asserts that they should have called Dr. Eni again or should have sent him to the hospital, he has not shown that their conduct rises to the level of deliberate indifference such that his constitutional rights were violated. Nurse Hardy's dispute with Ware over Ware's need for a wheelchair as opposed to a crutch does not give rise to a constitutional violation.

With respect to Dr. Eni, it is undisputed that the nurses did not call Dr. Eni again after his initial instructions. Thus, Ware has failed to show that Dr. Eni had a subjective awareness of a serious risk of harm and that he deliberately ignored Ware's complaints. Mere negligence or even malpractice will not support a claim of deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). As for Dr. Cherian, the unrebutted evidence shows that Dr. Cherian received no calls about Ware; therefore, he cannot have had any knowledge of any risk to Ware. Accordingly, the district court did not err in granting summary judgment to Drs. Eni and Cherian and Nurses Hawkins and Hardy.

With respect to Nurse Henly, however, Ware did come forward with evidence that she acted with deliberate indifference on November 21, 1999. Ware's evidence shows, and the defendants concede, that Nurse Henly was present during the first examination, despite her affidavit to the contrary. Further, Ware provided an unrebutted declaration that Nurse Henly informed him on more than one occasion that she knew that he needed to go

to a hospital, but that she did not want to oppose her superiors. It is also undisputed that when Ware returned on November 21, 1999, Nurse Henly spoke to him and failed to examine him or to make any effort to assess his condition.  She simply told him that there was nothing that could be done for him.

Given Nurse Henly's knowledge of Ware's condition, the instructions by Dr. Eni to call if Ware did not improve, her alleged statements to Ware that she knew that he needed to go to the hospital, and Ware's new complaints of pain and swelling in his testicle, Ware has at least shown that there are genuine issues of material fact regarding whether Nurse Henly's failure to provide any treatment on November 21, 1999, constituted deliberate indifference, and whether her actions were objectively reasonable.  See Easter v. Powell, ___ F.3d __, No. 04-11332, 2006 WL 2831137, at *3 (5th Cir. Oct. 5, 2006).  Accordingly, we must vacate the judgment with respect to Nurse Henly.

B.    State law claims/claims against UTMB and TDCJ-ID

Ware also brought a number of state law claims, which the district court dismissed on the ground that certain claims are not cognizable under Texas law and that the prison personnel were entitled to official immunity.  The district court also dismissed all claims against Warden Zeller and UTMB and TDCJ-ID.  As Ware does not brief these claims, he has abandoned them.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

C.   Incomplete discovery

Ware next complains that the district court did not allow him sufficient time for discovery. Ware's conclusional assertions fail to demonstrate how the requested discovery would have enabled him to establish a genuine issue of material fact. See Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1442 (5th Cir. 1993). The district court committed no error in this respect.

D.   Default judgment

Ware next asserts that the district court erred in setting aside the default judgment entered against Dr. Cherian. Ware's contention that the district court erroneously employed FED. R. CIV. P. 60(b) rather than FED. R. CIV. P. 55(c) is without merit, as Rule 55(c) expressly incorporates Rule 60(b)'s standard. Further, the district court's conclusion that Dr. Cherian did not intentionally fail to answer, that he had a meritorious defense, and that there was no prejudice to Ware, see Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003), was amply supported by the record. The district court did not abuse its discretion in granting Dr. Cherian's motion to set aside the default judgment. See Lacy v. Sitel Corp., 227 F.3d 290, 292 n.1 (5th Cir. 2000).

E.   Supplementation of the record

Finally, Ware seeks to supplement the record with two documents. The first is a Texas Department of Corrections bulletin setting forth standards for prison officials to respond

to emergency requests for medical care.  As this document was not part of the summary judgment record before the district court, this court need not consider it.  See Topalian v. Ehrman, 954 F.2d 1125, 1131 n.10 (5th Cir. 1992).

The second document is an order from the Texas State Board of Medical Examiners disciplining Dr. Eni for his actions with respect to Ware's treatment.  This exhibit is part of the record, as Ware submitted it in support of a Rule 60(b) motion that he filed while his appeal was pending.  Further, although the Board concluded that Dr. Eni had violated the standard of care and should have recognized the symptoms of testicular torsion, this at best shows negligence or malpractice, which is insufficient to establish deliberate indifference.  See Varnado, 920 F.2d at 321.

For the foregoing reasons, the judgment of the district court is AFFIRMED with respect to all claims and defendants other than Ware's Eighth Amendment claims against Nurse Henly.  The judgment is VACATED as to the Eighth Amendment claims against Nurse Henly, and this matter is REMANDED to the district court for further proceedings consistent with this opinion.  The motion to supplement the record is DENIED.