# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2011

No. 10-50586
Summary Calendar

Lyle W. Cayce
Clerk

HEWITT MCLENNAN, JR.,

Plaintiff–Appellant,

v.

MICHAEL R. BURKE,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-327

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hewitt McLennan, Jr., filed suit pursuant to 42 U.S.C. § 1983 against
Austin Police Officers Michael R. Burke, William Norell, and Joshua Simpson.
The United States District Court for the Western District of Texas dismissed
McLennan's claims against Norell and Simpson as frivolous, pursuant to 28
U.S.C. § 1915(e)(2)(B)(i).  The court also granted summary judgment in Burke's
favor.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-50586

## I

Officers Norell and Simpson arrested McLennan for theft, specifically for unauthorized use of a motor vehicle. McLennan was later indicted by a Texas grand jury for the offense of "theft—unauthorized use of vehicle." McLennan did not post bail, and was jailed pending trial for five months and ten days. He was later found not guilty by a jury in state court.

He subsequently filed suit in federal court, pursuant to § 1983, alleging false arrest and false imprisonment and seeking damages. McLennan alleged that Norell and Simpson arrested him without a warrant and without probable cause. He accused Burke of swearing a false affidavit in securing a warrant for his arrest. The district court granted McLennan's application to proceed *in forma pauperis* (IFP).

After adopting the report and recommendations of the magistrate judge to whom McLennan's complaint had been referred, the district court dismissed McLennan's claims against Norell and Simpson as frivolous.[1] The district court then issued a summons for Burke, which was returned executed. Burke did not file an answer or otherwise make an appearance in the action. The clerk of the court made an entry of default against Burke. The court granted in part McLennan's motion for default judgment, granting McLennan's request for a hearing on damages. Burke then filed a motion to set aside entry of default, which the court granted. After considering McLennan's and Burke's cross-motions for summary judgment, the court granted summary judgment in favor of Burke, and dismissed with prejudice McLennan's claims against him.

McLennan, acting pro se, purports to appeal the court's dismissal of his claims against Norell and Simpson, but this court lacks jurisdiction to review that issue. He also appeals the district court's decision to set aside the entry of

---

[1] *See* 28 U.S.C. § 1915(e)(2)(B)(i).

No. 10-50586

default against Burke and the court's summary judgment in his favor, which we consider on the merits and affirm.

## A

McLennan filed a notice of appeal with the district court, stating only that he was appealing the district court's "final judgment granting Cross-Motion for Summary Judgment entered in action on the 18th day of May, 2010," and naming Burke as the only defendant–appellant. The final judgment referred to in the notice of appeal dismissed with prejudice McLennan's claims against Burke. In his brief to this court, McLennan claims that the district court erred in dismissing as frivolous his claims against Officers Norell and Simpson. That dismissal was made final by the district court's order of August 1, 2008. We do not have jurisdiction to review that decision by the district court because McLennan's notice of appeal did not apprise this court of his intention to appeal it.[2]

## B

McLennan argues that the district court erred in setting aside the entry of default against Burke. A district court may set aside an entry of default for good cause.[3] We review the district court's ruling for abuse of discretion.[4] In determining whether there was good cause to set aside an entry of default, this court considers several factors, including "whether the default was willful,

---

[2] *See* FED. R. APP. P. 3 (permitting appeals from a judgment by the district court only when a notice of appeal is timely filed with the district court, and requiring the notice of appeal to "designate the judgment . . . being appealed"); *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. July 1981) (per curiam) (holding that, even under a liberal construction of notices of appeal, when "the appellant notices the appeal of a specified judgment only or a part thereof, . . . this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal").

[3] *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000).

[4] *Id.* at 292.

whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[5]

The district court adopted the magistrate judge's report and recommendation, in which the judge properly applied the standard for setting aside the entry of default. Burke showed that the default was inadvertent, that the only prejudice to McLennan was to require him to prove his case,[6] and that Burke had a meritorious defense. The district court did not abuse its discretion in setting aside the entry of default against Burke.

## C

McLennan also contends that the district court erred in granting summary judgment in favor of Burke on McLennan's § 1983 claims. We review a grant of summary judgment de novo, applying the same legal standards applied by the district court and viewing the evidence in the light most favorable to the nonmoving party.[7] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8]

McLennan filed a motion for partial summary judgment. The district court construed Burke's response as a cross-motion for summary judgment. We thus consider each motion separately "because each movant bears the burden of

---

[5] *Id.* (internal quotation marks and footnote omitted).

[6] *See id.* at 293 ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." (internal quotation marks omitted)).

[7] *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, L.L.C.*, 620 F.3d 558, 561-62 (5th Cir. 2010).

[8] FED. R. CIV. P. 56(a).

showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law."[9]

McLennan alleged that he was falsely arrested and falsely imprisoned, in violation of his Fourth Amendment right to be free of illegal searches and seizures, and sought damages pursuant to § 1983. He claimed that Burke violated his constitutional rights by knowingly giving false information in an arrest warrant affidavit. The district court adopted the magistrate judge's report and recommendation regarding the cross-motions for summary judgment. The court concluded that McLennan had pointed to no evidence showing that Burke's affidavit contained false information or that Burke had otherwise acted improperly in obtaining the warrant.[10] The court also concluded that Burke had cited to evidence showing that McLennan did not establish a constitutional violation, and, in the alternative, that Burke would be entitled to qualified immunity even if McLennan could establish such a violation.

After reviewing the record, we agree with the district court. Burke presented evidence that the statements in his warrant affidavit were not knowingly false and that there was probable cause for McLennan's arrest. Other than his own allegations and conclusory assertions, which are insufficient as a matter of law,[11] McLennan presented no evidence that Burke's affidavit contained knowingly false statements. In the face of Burke's evidence to the contrary, and without evidence of a false arrest or false imprisonment, McLennan did not establish a genuine dispute regarding his allegation of a

---

[9] *Am. Int'l Specialty Lines Ins. Co.*, 620 F.3d at 562.

[10] *See* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute . . . .").

[11] *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

No. 10-50586

constitutional violation by Burke.[12]  McLennan's motion for partial summary judgment against Burke was properly denied, and the district court properly granted Burke's cross-motion for summary judgment.

\* \* \*

We AFFIRM.

---

[12] *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009) ("The constitutional claim of false arrest requires a showing of no probable cause.").