JACQUES L. WIENER, Circuit Judge,
dissenting.
Despite my deep respect for the panel majority, I am convinced that its opinion sends the wrong message to the district courts of this circuit and, more troubling, that it will eviscerate the role of default judgments in the efficient administration of civil litigation. I have long accepted that the noble experiment with notice pleading has been relegated to the trash bin of history, as recently illustrated by the Supreme Court’s opinions in Twom-bly[1] and Iqbal.[2] I also accept that Wooten’s threadbare complaint is factually deficient in the extreme. Nevertheless, when hereafter asked to grant default judgments based on petitions that are anything short of absolute perfection, our district courts will almost certainly refuse to do so without first affording the recalcitrant defendants yet another bite at the apple (here, a third bite!). Despite our disfavoring default judgments, they do serve an important purpose in the prompt and efficient administration of civil litigation. Yet today’s majority ruling will unnecessarily prolong that process and likely eliminate the positive role played in it by *705 default judgments. This is why I am compelled to dissent.
I note first that, despite stating that “a fatally deficient complaint cannot be cured by [such] testimony,” the majority opinion does allow the plaintiff .to supplement his complaint with evidence introduced at a Rule 55(b)(2) prove-up hearing. Indeed, the text of Rule 55(b)(2) and our own precedent in Nishimatsu leaves open this avenue for curing a deficient complaint.[3] Where the majority and I differ is in what should follow the prove-up hearing. The majority would have the district court grant the defaulting defendant yet another opportunity to answer and seek Rule 12(b)(6) or summary judgment relief; I would affirm the court’s grant of the default judgment.
The majority bases its holding primarily on policy considerations, analogizing to Federal Rule of Civil Procedure 5(a)(2), which requires the defendant to receive notice if the plaintiffs pleadings add a “new claim for relief.”[4] The majority warns that, unless we extend this rule to follow Rule 55(b)(2) hearings, we will (1) give the plaintiff the right to “amend the complaint without affording the defendant an opportunity to respond,” and (2) “undermine our policy of enabling defendants intelligently to weigh the costs of default against the costs of defending an action.”
But defendants who have defaulted simply are not situated similarly to their nondefaulting counterparts. A defaulting defendant has, in fact, already had an opportunity to respond (in this case, two opportunities). Moreover, a compláint supplemented by facts revealed at a Rule 55(b)(2) hearing does not add “a new claim for relief’[5]—it merely makes whole an existing claim, albeit a deficient one.
At first glance, holding a defendant to its initial default may appear to be unfair. But, doing so is a consequence of the defendant’s own inaction. Furthermore, we serve “our policy of enabling defendants intelligently to weigh the costs of default” so long as we give them a clear rule to follow. If defendants know that they will be bound by the facts proven at a Rule 55(b)(2) hearing, they can weigh that factor when making their initial decision whether or not to default.
Giving me even greater concern is the practical consequence of the majority’s decision. It requires our district courts to rule, sua sponte and without briefing, on the sufficiency of plaintiffs’ complaints, all the while giving those courts every incentive to err on the side of insufficiency. Consider a hypothetical in which the viability of the plaintiffs complaint is a close call, and a Rule 12(b)(6) motion would likely be contested vigorously but for the defendant’s default. After the district court *706 has held a Rule 55(b)(2) hearing, the majority would then have it make a ruling sua sponte as to whether the complaint was deficient in the first place. I cannot believe that a district court would ever hold the complaint sufficient and enter default judgment on it: If the court should do so at that point, the defendant would lose nothing by entering the case, essentially to litigate its Rule 12(b)(6) case via a Rule 60(b) motion. The majority thus provides yet another safety net for the previously defaulting defendant, who would also enjoy a generous standard of review in its effort to convince us on appeal that the district court erred in holding the original complaint sufficient.[6]
On one hand, a district court that enters a default judgment on a complaint that’s sufficiency is truly a close call would face a significant probability of reversal. If, on the other hand, the district court should require amendment and notice to the defaulting defendant, the plaintiff might not even have the right to appeal.[7] Thus, when faced with a marginal complaint, a district court will likely opt to err on the side of requiring amendment (either actual or de facto) and providing the defendant in default a new opportunity to respond.
This result is inordinately lopsided and, even worse, favors the wearer of the black hat over the wearer of the white hat. Our default judgment jurisprudence carefully balances our preference for judgments on the merits with “considerations of social goals, justice and expediency.”[8] We do not honor this balance, much less retain it, by allowing the defaulting defendant to lie behind the log until after a Rule 55(b)(2) hearing, then have the option to jump into the fray and litigate the merits as though his default had never occurred. Under today’s decision, the defendant may comfortably sit back while the plaintiff goes to the trouble, time, and expense- of a Rule 55(b)(2) hearing, leaving the district court to grapple with legal issues that are truly the defendant’s own duty to raise and support. I see this as grossly unfair to the innocent plaintiff and a waste of judicial resources. Far better and fairer, in my view, to hold the defaulting party to his default. These are 'the reasons why I must respectfully dissent.

. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

. The majority opinion declares that "the text of the hearing provision presupposes valid allegations in the complaint,” and deals with subsection (b)(2)(C) by pointing out that "to 'establish the truth of any allegation,’ there must be an existing allegation to assess.” Yet, if a defendant defaults, all well-pleaded factual allegations must be taken as true. See Nishimatsu Constr. Co. v. Hous. Nat’l Bank, 515 F.2d 1200, 1206 (5th Cir.1975). True, factual allegations regarding damages must still be proven. See U.S. for the Use of M-CO Constr., Inc. v. Shipco Gen., Inc., 814 F.2d 1011, 1014 (5th Cir.1987). But subsections (b)(2)(A) and (b)(2)(B) of Rule 55 provide the basis for hearings to adduce evidence of damages. Thus, subsection (b)(2)(C) serves no purpose unless "allegation” refers to something broader than "well-pleaded factual allegation.” If that is the case, then a Rule 55(b)(2) hearing may be conducted to establish the truth of factually deficient allegations, including those in Wooten’s complaint.

. Fed.R.Civ.P. 5(a)(2).

. Fed.R.Civ.P. 5(a)(2).

."Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal.” In re Chinese Manufactured Drywall Prods. Liab. Litig., 742 F.3d 576, 594 (5th Cir.2014) (quoting Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir.2000)) (internal quotation marks omitted).

. The plaintiff’s only avenue for appeal may be by the district court's discretion via 28 U.S.C. § 1292(b).

. Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 936 (5th Cir.1999) (quoting Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir.1990)).