# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10632
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2015

Lyle W. Cayce
Clerk

FRED BIELER, guardian for Gasper Urso,

> Plaintiff - Appellee

v.

HP LOCATE, L.L.C., a Texas Limited Liability Company; CHRIS GANTER, Individually; HP DEBT EXCHANGE, L.L.C., a Texas Limited Liability Company,

> Defendants - Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1609

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Defendant-appellants HP Locate, L.L.C., Chris Ganter, and HP Debt Exchange, L.L.C. (collectively "HP Locate") appeal the district court's denial of their motion to vacate a default judgment in favor of plaintiff-appellee Fred Bieler ("Bieler") as guardian for Gasper Urso ("Urso").  We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10632

## FACTUAL AND PROCEDURAL BACKGROUND

On April 26, 2013, Bieler sued HP Locate based on its failure to pay a note due to Urso. In the complaint, Bieler alleged that he was Urso's guardian and was "the owner and holder of the indebtedness . . . under the Note." On May 14, 2013, Bieler filed affidavits from a process server, who attested that each defendant-appellant was served on May 7, 2013. On June 14, 2013, Bieler filed a motion for entry of default and default judgment. The clerk of court entered a default that same day. On June 28, 2013, the district court filed a default judgment against HP Locate for $250,000, post-judgment interest, and reasonable attorney's fees and costs of $8,693.

HP Locate claims that it first received notice of the lawsuit and the default judgment against it on August 13, 2013, when it received notice of a post-judgment deposition. Months later, on November 6, 2013, it filed a Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") motion to set aside the default judgment, arguing, among other things, that it had not been properly served with process.[1]

HP Locate learned new information about the case after filing its initial Rule 60(b) motion. For example, it learned that Bieler's guardianship over Urso was allegedly limited, Bieler could only bring suit with the permission of a court, and the guardianship allegedly expired before Bieler filed suit. And, on January 21, 2014, HP Locate learned that Urso died two weeks after Bieler filed suit. On February 7, 2014, it filed a motion to supplement its Rule 60(b) motion, arguing that this newly-discovered evidence and Bieler's concealment of it justified setting aside the default judgment under Rule 60(b)(2) and (b)(3). A magistrate judge granted HP Locate's motion to supplement.

---

[1] HP Locate has not appealed the denial of its Rule 60(b) motion on this or any other ground alleged in its initial Rule 60(b) motion.

No. 14-10632

The magistrate judge also recommended that the district court deny the Rule 60(b) motion. Over HP Locate's objections, the district court accepted the magistrate judge's findings, conclusions, and recommendation. The district court held that, even assuming that HP Locate had first received notice of the suit on August 13, 2013, it had not used due diligence in discovering the new evidence. It also found that the case's outcome would have been the same, even with the new information, because Bieler could have validly sued in his capacity as successor trustee to Urso's trust. Finally, the district court held that HP Locate had not carried its burden of proving that Bieler had committed fraud or other misconduct.

## STANDARD OF REVIEW

"Denial of a motion for relief from judgment under Rule 60(b) . . . is reviewed for abuse of discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 593 (5th Cir. 2014).[2] But, "[b]ecause of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal." *Id.* at 594 (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). "Any factual determinations underlying [the denial] are reviewed for clear error." *Id.*

## DISCUSSION

HP Locate appeals the district court's denial of its motion to vacate the default judgment under Rule 60(b)(2) and (b)(3).[3] As to both subsections, "[a] motion . . . must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

---

[2] There is one exception: we apply de novo review to the denial of a Rule 60(b)(4) motion, which is based on a judgment being void. *Jackson v. FIE Corp.*, 302 F.3d 515, 521–22 (5th Cir. 2002). Because HP Locate has not argued that the default judgment is void under Rule 60(b)(4), we review only for abuse of discretion.

[3] HP Locate does not argue on appeal that the default judgment should be set aside for "good cause" under Federal Rules of Civil Procedure 55(c) and 60(b). This "good cause" standard is described in *Lacy*, 227 F.3d at 291–92, and *Chinese-Manufactured Drywall*, 742 F.3d at 594–95. That standard involves considering several factors, including the willfulness

No. 14-10632

Rule 60(b)(2) provides that a final judgment may be altered if the district court is presented with "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." The "movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (internal quotation marks omitted). The relevant issue is whether the evidence would "have affected the ultimate case determination." *See id.* at 641.

Here, the district court found that HP Locate failed to satisfy both prongs. We conclude that the district court did not abuse its discretion in holding that HP Locate did not satisfy the second prong.[4] If the district court had been aware of the problems with Bieler suing on Urso's behalf as his

---

of the default, the prejudice to the plaintiff if the default judgment is overturned, and the merit of the defense presented. *Lacy*, 227 F.3d at 292. Given that HP Locate does not brief or even mention these factors or the "good cause" standard in its appellate briefing, we do not consider whether there was "good cause" to overturn the default judgment.

[4] We note that the district court seemingly misapplied the "due diligence" requirement of Rule 60(b)(2). The relevant time period for judging due diligence is the time before the deadline for a Rule 59(b) motion for a new trial. *See* Fed. R. Civ. P. 60(b)(2) (requiring that the new evidence, "with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"); *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009) (assessing due diligence during time period between discovering new evidence and the due date of a Rule 59(b) motion). Here, the district court assumed without deciding that HP Locate did not even know about the case until August 13, 2013, which was after any Rule 59(b) motion would have been due. Thus, no amount of diligence on HP Locate's part could have discovered the new evidence before the Rule 59(b) motion was due. That said, the district court's finding that HP Locate did not exercise "due diligence" may also support a finding that HP Locate did not file its Rule 60(b) motion within a "reasonable time," as is required by Rule 60(c)(1). *See First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119–21 (5th Cir. 1992) (describing "reasonable time" requirement for Rule 60(b) motion). But it is unnecessary to reach this issue because we find that the district court did not err in holding that the ultimate result of the case would have been the same, even if the court had considered the newly-discovered evidence before issuing the default judgment.

4

No. 14-10632

guardian, then it would have been required to determine whether to allow the substitution or joinder of the real party in interest. *See* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."); *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308–09 (5th Cir. 2001) (holding that district court abused its discretion by failing to explain why it did not allow joinder or substitution of real party in interest). Given that the district court found that Bieler could properly sue on Urso's behalf as substitute trustee of Urso's trust, a new plaintiff would not need to be joined or substituted—Bieler would simply have to amend the capacity in which he was suing.

HP Locate counters that, in fact, Bieler could not properly sue in his capacity as substitute trustee of Urso's trust because the state court order making Bieler the substitute trustee only lasted for twelve months and therefore had expired by the time he filed suit. But we do not see any provision in the state court order that limits the term of Bieler's appointment as substitute trustee to one year.[5] Accordingly, the district court did not abuse its discretion in finding that the ultimate outcome of the case would likely have been the same, even if it had known of the new evidence before issuing the default judgment, and HP Locate was therefore not entitled to Rule 60(b)(2) relief.

---

[5] HP Locate also argues in its reply brief that it is questionable whether Bieler could have brought the suit as successor trustee because HP Locate's note was entered into on behalf of Urso's guardianship, not his trust. Because HP Locate first raised this argument in its reply brief, we do not consider it. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006) (per curiam) ("[T]his Court will not ordinarily consider arguments raised for the first time in a reply brief.").

HP Locate also challenges the district court's denial of its motion under Rule 60(b)(3). That subsection provides that the district court may alter a final judgment if there was "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." The movant "must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling*, 396 F.3d at 641. "The moving party has the burden of proving the misconduct by clear and convincing evidence." *Id.*

Here, the district court found that HP Locate did not prove by clear and convincing evidence that Bieler engaged in fraud or other misconduct, particularly given that Bieler could have sued in his capacity as trustee. We find no clear error in this factual finding. Bieler submitted an affidavit attesting that he had sued as guardian rather than as trustee due to an honest mistake and misunderstanding of the law. He also attested that he had not reported Urso's death because he thought it was irrelevant. HP Locate has not submitted any evidence controverting Bieler's affidavit. Further, Bieler had no apparent motive to commit misconduct to sue as Urso's guardian, given that Bieler could have sued in his capacity as trustee. Accordingly, the district court did not abuse its discretion in denying HP Locate's motion under Rule 60(b)(3).

## CONCLUSION

For the foregoing reasons, the district court's denial of the Rule 60(b) motion is AFFIRMED.