United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20260
Summary Calendar

_____

JACK W. REEVES,

Plaintiff-Appellant,

versus

CYNTHIA ANN WOOD, Corrections Officer,
in her individual capacity,

Defendant-Appellee.

_____

On Appeal from the United States District Court
for the Southern District of Texas
Docket No. H-04-1477

_____

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

Per Curiam:*

Texas prisoner Jack W. Reeves filed a complaint under 42 U.S.C. § 1983 against Cynthia Wood, a property officer, for an allegedly false and retaliatory disciplinary conviction. The district court granted Wood's motion for summary judgment. Because Reeves can prove neither a retaliatory motive nor causation, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the grant of summary judgment de novo. Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). To establish a claim of retaliation, a prisoner must show: "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).

Reeves alleges that Wood filed a disciplinary charge that resulted in sanctions and the loss of his typewriter in retaliation for his filing of a grievance against Wood for failing to put a property slip in his file for a Smith-Corona typewriter. Prisoners are required to have property slips for items such as typewriters. If found in possession of such an item without a slip, the inmate can face disciplinary action or loss of the item. To establish causation, however, Reeves must show that "but for the retaliatory motive the complained of incident . . . would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). "Mere conclusionary allegations of retaliation will not withstand a summary judgment challenge." Id. Under prison regulations, prisoners are allowed only one typewriter. Because Reeves's

2

property slip for the seized Smith-Corona typewriter, regardless of its authenticity, was superseded by a later property slip for another typewriter, he cannot show a retaliatory motive.

Reeves asserts that the allegations in the disciplinary action are false; however, he was found guilty of possession of contraband. Although not conclusive, the existence of a legitimate prison disciplinary report is "probative and potent summary judgment evidence." Id. Here, Reeves cannot show that, absent his grievance filing, the typewriter would not have been taken away due to the improper paperwork, particularly given the previous actions taken in regard to the typewriter.[1]

The temporal proximity between Reeves's grievance and the disciplinary action is in this case insufficient to establish an improper retaliatory motive. Prison officials must be given wide deference in the management of inmates, as "[t]he prospect of endless claims of retaliation . . . would disrupt prison officials in the discharge of their most basic duties." Id. When, as here, the disciplinary report is substantiated, an inmate cannot defeat summary judgment simply by pointing to an earlier grievance, as

---

[1] The typewriter had been the subject of two prior disciplinary proceedings, one brought by Wood and another by an officer who was not sued. At each, Reeves produced a property slip, and the cases were dismissed. The disciplinary hearings, however, do not establish ownership of property or have res judicata effect. Although these hearings did not result in sanctions, the prior actions show prison officials were aware of, and concerned with, Reeves's possession of the typewriter. Moreover, the disciplinary action with which Reeves takes issue in this case initially concerned the authenticity of the property slip, not its existence.

3

inmates must not be able to insulate themselves from disciplinary action by filing grievances against prison officials.  See id.

Reeves also objects to the district court's failure to rule on his challenges to Woods's evidence and the court's stay of discovery against him.  These complaints are groundless.  Wood offered as authenticated business records the prison disciplinary file on these matters (Exhibit A), and the court was entitled to rely on it for summary judgment purposes.  Further, the discovery stay was authorized pending determination related to qualified immunity.

Because Reeves can neither show an adverse act caused by a retaliatory motive or intent, nor establish the necessary causation, the district court's grant of summary judgment to Wood is AFFIRMED.