# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 13, 2009

Charles R. Fulbruge III
Clerk

No. 07-50586

SETTLEMENT FUNDING, LLC, doing business as Peachtree Settlement Funding, as Seller/Servicer for Peachtree Finance Company, LLC,

                    Plaintiff-Counter-Defendant-Appellant,

v.

TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY,

                    Defendant-Counter-Plaintiff,

v.

UNITED STATES OF AMERICA,

                    Defendant-Counter-Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas, Waco Division.

---

Before PRADO, ELROD, and HAYNES, Circuit Judges.

JENNIFER W. ELROD, Circuit Judge:

Plaintiff-Appellant Settlement Funding, LLC, ("Settlement Funding") appeals the district court's summary judgment in favor of the United States, as well as the district court's denial of Settlement Funding's motion for default judgment against Rose Garcia. We affirm.

FACTS AND PROCEEDINGS

In 1992, Rose Garcia and the United States settled a lawsuit filed under the Federal Tort Claims Act. Pursuant to the settlement, the United States purchased an annuity (the "Annuity") from TransAmerica Occidental Life Insurance Co. ("TransAmerica"). Under the terms of the annuity contract, the United States had the exclusive right to change the annuity's beneficiary:

> Change of Designation - The owner has the right at any time to designate to whom annuity payments will be made. A change of designation may only be made by filing a satisfactory written notice with the Company. A change of designation will not be effective until recorded at the Home Office of the Company. The change of designation will take effect on the date the notice was signed.

Garcia was not a party to the annuity contract.

Approximately eight years later, Garcia purported to grant WebBank a security interest in her right to receive the annuity payments in exchange for two loans totaling $77,783.40. WebBank assigned the loans to Settlement Funding, which in turn assigned them to Peachtree Finance Company, LLC ("Peachtree"). Peachtree then contracted with Settlement Funding to service and collect the loans.

After Garcia defaulted on the loans, Settlement Funding sued the United States, TransAmerica, and Garcia, asserting various claims in an effort to force TransAmerica to make annuity payments to Settlement Funding rather than Garcia. TransAmerica filed a counterclaim/cross-claim for interpleader against the United States, Settlement Funding, and Garcia. Pursuant to its interpleader claim, TransAmerica deposited Annuity payments due during the pendency of this case into the registry of the district court. The United States filed a counterclaim for a declaratory judgment that, as the owner of the annuity, it had the exclusive right to designate to whom the annuity payments would be sent.

2

Importantly, Settlement Funding dismissed its affirmative claims against the United States after the United States filed a motion to dismiss on the ground of sovereign immunity.

The United States and Settlement Funding filed cross-motions for summary judgment on the United States's declaratory judgment claim. Settlement Funding argued in part that a November 2004 order approving a class action settlement in the United States District Court for the Western District of Kentucky (the "Kentucky Order") compelled judgment in its favor. Settlement Funding also filed a motion for default judgment against Garcia, who did not answer or otherwise respond to Settlement Funding's complaint.

The district court granted summary judgment in favor of the United States, reasoning that the Kentucky Order did not bind the United States and that "[t]he United States is the owner of the annuity and has the sole right to designate the payee." In reaching its decision, the district court correctly observed that this case turns on whether "Garcia had any rights to transfer under the Annuity contract[, and] not whether Garcia had any rights to transfer under her settlement agreement" with the United States. The district court ordered Settlement Funding to show cause why its pendent state law claims should not be dismissed. After Settlement Funding failed to respond to the order, the district court dismissed the claims and entered a final judgment. The district court denied Settlement Funding's motion for approval of a supersedeas bond, and the clerk of the district court disbursed Annuity payments in the court's registry to Rose Garcia.

## STANDARDS OF REVIEW

We review the district court's order granting summary judgment de novo. Morris v. Equifax Info. Servs., LLC, 457 F.3d 460, 464 (5th Cir. 2006). "Summary judgment is appropriate where the record shows 'that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Whiting v. Univ. of S. Miss., 451 F.3d 339, 343 (5th Cir. 2006) (quoting Fed. R. Civ. P. 56(c)). "We review the denial of a default judgment for abuse of discretion." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (citing Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977)). "[A] 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" Id. (quoting Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996)).

## DISCUSSION

### I.    Jurisdiction

We must first consider the government's sovereign immunity challenge to Settlement Funding's claim.[1] See Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 550 (5th Cir. 2008). In support of this challenge, the government reasons that "the doctrine of federal sovereign immunity shields the federal government, as owner of the [Annuity], from being ordered by a court or any party to this litigation to change the designation of payee of [the Annuity]." Although Settlement Funding initiated this case with a complaint asserting claims against the United States, Garcia, and TransAmerica, it dismissed its claims against the United States after the United States filed a motion to dismiss. Thus, unlike TransAmerica Assurance Corp. v. Settlement Capital Corp., 489 F.3d 256 (6th

---

[1] The government does not assert that sovereign immunity bars our consideration of Settlement Funding's appeal of the district court's summary judgment on the United States's declaratory judgment counterclaim.

Cir. 2007), this appeal does not involve any affirmative claim against the United States—Settlement Funding sought in the district court to compel TransAmerica to transfer the Annuity payments to Settlement Funding without the United States's approval, not to force the United States to approve the transfer.[2] For this reason, the government's sovereign immunity argument is without merit.

II.    Summary Judgment

    A.    The Kentucky Order has no preclusive effect on the United States's claim for declaratory judgment.

In November 2004, the United States District Court for the Western District of Kentucky entered an order approving a class action settlement between Settlement Funding and a class that included Garcia. Settlement Funding argues that this order has preclusive effect in this case. For two reasons, Settlement Funding is incorrect. First, as Settlement Funding acknowledged in its motion for summary judgment before the district court, the class action settlement order relates to "who, as between Garcia and [Settlement Funding], is entitled to receive and collect the Periodic Payments" provided for by the settlement agreement between Garcia and the United States. The order does not address the issue here—whether Settlement Funding can compel TransAmerica to redirect annuity payments to Settlement Funding despite TransAmerica's contractual obligation to the United States to make those

---

[2] TransAmerica responded to Settlement Funding's complaint with an interpleader counterclaim/cross-claim against the United States, Garcia, and Settlement Funding. The government does not argue that sovereign immunity barred TransAmerica's interpleader claim against the United States, and we do not consider that issue. See Kentucky ex rel United Pac. Ins. Co. v. Laurel County, 805 F.2d 628, 636 (6th Cir. 1986) ("The United States may not be required to interplead when it has not waived its sovereign immunity." (internal quotation marks and citations omitted)).

payments to Garcia. Second, the United States was not a party to the Kentucky class action and is thus not bound by it. See, e.g., Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 329 (1971) ("Some litigants—those who never appeared in a prior action—may not be collaterally estopped without litigating the issue. . . . Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position.").

B.      The district court correctly determined that the United States has the exclusive contractual right to designate the Annuity's payee.

Settlement Funding acknowledges that the United States is the owner of the Annuity at issue in this case. It also acknowledges that Garcia is not a party to the Annuity contract, and that the Annuity contract gives the United States the exclusive right to determine the Annuity's beneficiary. It nonetheless asserts that its acquisition of Garcia's "beneficial interest in the Annuity Payments" requires TransAmerica to redirect the Annuity payments to Settlement Funding over the explicit objection of the United States.

In making this assertion, Settlement Funding ignores the critical distinction between the Annuity, which is a contract between the United States and TransAmerica, and the settlement agreement requiring the United States to make periodic payment to Garcia, which is a contract between the United States and Garcia. See, e.g., W. United Life Assurance Co. v. Hayden, 64 F.3d 833, 838 (3d Cir. 1995) (distinguishing between an annuity beneficiary's rights under an annuity contract and her rights under a related settlement agreement). Garcia has no rights under the Annuity contract, and "[i]t is axiomatic that one may not sell, assign, or hypothecate that which [s]he does not own." Allstate Ins.

Co. v. Am. Bankers Ins. Co., 882 F.2d 856, 859 (4th Cir. 1989).[3] Garcia "could not lawfully assign" any interest in the Annuity because she had none. See id. For this reason, Settlement Funding's security interest in Garcia's right to receive periodic payments under the terms of her settlement agreement with the United States provides no basis for compelling TransAmerica to direct the Annuity payments to Settlement Funding. The district court was thus correct in refusing to do so.[4]

III. Default Judgment

Settlement Funding also attempts to appeal the district court's denial of its motion for default judgment on its pendent state law claims against Garcia, arguing that "the District Court abused its discretion in denying the motion for default judgment and dismissing [Settlement Funding]'s claims against Garcia." The district court, however, dismissed Settlement Funding's pendent state law claims against Garcia only after Settlement Funding ignored an order to show cause why the claims should not be dismissed. Having failed to object to the district court's dismissal of the claims, Settlement Funding cannot complain about that decision before this court. See Tex. Commercial Energy v. TXU

---

[3] The settlement agreement, which is not before us, and the annuity, which is before us, are two distinct contracts. Thus, we express no opinion on the question of whether Settlement Funding has a claim in the United States Court of Claims to enforce its security interest in the periodic payments due Garcia under her settlement agreement with the United States.

[4] Our decision does not reach the question of whether Settlement Funding was entitled to the funds TransAmerica paid into the registry of the district court. The district court allowed the funds to be paid to Garcia, despite the fact that Garcia never appeared as a party in the case, and denied Settlement Funding's request for a supersedeas bond, which would have preserved the funds while Settlement Funding proceeded with its appeal. The registry funds are now gone, and as Settlement Funding concedes, the issue of whether Settlement Funding may have been entitled to those funds is moot.

Energy, Inc., 413 F.3d 503, 510 (5th Cir. 2005) (holding that arguments not raised before the district court are waived on appeal).

CONCLUSION

For the reasons set forth above, the judgment of the district court is AFFIRMED.