**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-41065
Summary Calendar

PERRY B WESTCOTT

Plaintiff-Appellant

v.

INTERNAL REVENUE SERVICE

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CV-438

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Perry B. Westcott, proceeding *pro se*, challenges the district court's dismissing, for both lack of jurisdiction and failure to state a claim, his claim against the Internal Revenue Service (IRS). (His motion for appointment of counsel is DENIED.)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Westcott filed this action in September 2007, seeking an order requiring the IRS to assist Westcott, pursuant to 26 U.S.C. § 6020(a), in preparing his 1998-2004 federal income tax returns and an abatement of his federal income tax liabilities for those years. In November 2007, Westcott moved for default judgment pursuant to Federal Rule of Civil Procedure 55, based on the IRS' failure to file an answer within 60 days after the action was filed. The IRS filed its answer in December 2007.

In February 2008, the magistrate judge recommended that Westcott's default-judgment motion be denied because it was substantively and procedurally defective, and because the IRS appeared in the action by filing its answer. Over Westcott's objections, the district court adopted the report and recommendation and denied a default judgment.

In April 2008, the IRS moved to dismiss for lack of both subject-matter and personal jurisdiction, and failure to state a claim upon which relief could be granted. The magistrate judge's report and recommendation agreed that the action should be dismissed because: 26 U.S.C. § 6020 did not confer subject-matter jurisdiction on district courts to order the IRS to provide assistance in tax-return preparation when it declines to do so; and Westcott's action was barred by the doctrine of sovereign immunity and the Anti-Injunction Act, 26 U.S.C. § 7421(a). In September 2008, over Westcott's objections, the district court adopted the report and recommendation, granted the motion to dismiss, and denied Westcott's motions for leave to proceed *in forma pauperis* and for appointment of counsel to assist with this appeal.

Dismissals for lack of subject-matter jurisdiction and for failure to state a claim are reviewed *de novo*. *E.g.*, *McAllister v. FDIC*, 87 F.3d 762, 765 (5th Cir. 1996) (subject-matter jurisdiction); *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (failure to state a claim). Denials of motions for default judgment and appointment of counsel are reviewed for abuse of discretion. *E.g.*, *Settlement Funding, LLC v. Transamerica Occidental Life Ins.*

*Co.*, 555 F.3d 422, 424 (5th Cir. 2009) (default judgment); *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990) (appointment of counsel).

Westcott claims, *inter alia*, that the district court erred in dismissing for lack of jurisdiction and for failure to state a claim because under 26 U.S.C. § 6020(a), the IRS is required to assist taxpayers in tax-return preparation. Essentially for the reasons stated in the magistrate judge's reports and recommendations, adopted by the district court, we affirm.

Among other things, although 26 U.S.C. § 6020(a) *allows* the IRS to prepare a tax return in the event a taxpayer fails to file, the statute's plain language does not *require* the IRS to do so. *See also United States v. Stafford*, 983 F.2d 25, 27 (5th Cir. 1993) (providing that, although 26 U.S.C. § 6020(b) authorizes the IRS to file a return for a taxpayer, it "does not require such a filing, nor does it relieve the taxpayer of the duty to file").

Westcott's claim that the magistrate judge's reports and recommendations are "not binding and illegal" because Westcott never consented to a trial by consent pursuant to Federal Rule of Civil Procedure 73(a) is likewise without merit. Pursuant to 28 U.S.C. § 636(b)(1)(B), the district court may, without the parties' consent, assign matters to a magistrate judge for a report and recommendation. *See also*, *e.g.*, *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). Finally, Westcott's conclusory allegations of due-process violations are insufficiently briefed, and are, therefore, deemed abandoned. *E.g.*, *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

AFFIRMED.