**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2009

Charles R. Fulbruge III
Clerk

No. 09-30129
Summary Calendar

NEWMAN MARCHIVE PARTNERSHIP, INC.,

Plaintiff-Appellant,

versus

KEITH HIGHTOWER, Individual Capacity;
CEDRIC GLOVER,
In His Official Capacity as Mayor of the City of Shreveport;
CITY OF SHREVEPORT,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:06-CV-1664

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Newman Marchive Partnership, Inc. ("Newman"), won judgments against the City of Shreveport for the unpaid balance on two architectural contracts. The city agreed to pay the principal but refused to pay judicial interest. Newman appeals the summary judgment denying its equal protection and constitutional retaliation claims. We vacate in part, reverse in part, and remand.

## I.

Fifteen years ago, Newman entered into two architectural contracts with the city to renovate Independence Stadium and to develop a "Campus Plan" for governmental facilities. In 2002, Newman sued the city in state court on the Independence Stadium contract for the unpaid balance, and the jury awarded $251,304.34. The Louisiana Court of Appeal amended the judgment to include legal interest from the date of judicial demand. Newman sued the city on the Campus Plan contract and was awarded $414,200.45. The city made an unconditional tender of the principal amount of the judgments but refused to pay judicial interest of $70,301.66.

## II.

While simultaneously pursuing state court remedies, Newman filed this federal suit against the city and its former mayor, Keith Hightower (jointly "the city"), under 42 U.S.C. § 1983. Newman alleged that the refusal to pay judicial interest violated the Equal Protection Clause of the Fourteenth Amendment and was an unconstitutional retaliation against its exercise of the First Amendment right to sue. The district court granted motions for summary judgment in favor of the city, dismissing the suit in its entirety.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. This court reviews summary judgments *de novo. Settlement*

2

*Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009) (citations omitted).

III.

A.

Newman argues that the city violated the Equal Protection Clause of the Fourteenth Amendment when it refused to pay judicial interest. That clause requires that similarly-situated persons be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432 (1985). If claims do not involve a suspect class or a fundamental right, courts review state action using a rational-basis test. Differential treatment survives rational-basis scrutiny if the classification is rationally related to achieving a legitimate government interest. *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 149 (5th Cir. 1991). The actual reason for a state action is irrelevant for claims reviewed under rational-basis scrutiny and will be upheld if "any state of facts reasonably may be conceived to justify [its discrimination]." *McGowan v. Maryland*, 366 U.S. 420, 426 (1961).

A plaintiff alleging discrimination on grounds other than membership in a protected group may nevertheless prevail on an equal protection claim under a "class of one" theory. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). We review such claims under a two-prong test: The plaintiff must show (1) that it was intentionally treated differently from others similarly situated and (2) that there was no rational basis for the difference in treatment. *Whiting v. Univ. of S. Miss.*, 451 F.3d 339, 348 (5th Cir. 2006).

The district court found that Newman had satisfied the first prong but failed to meet the second. The court rejected all of the potential rational bases supplied by the city but nevertheless held that refusal to pay legal interest was rationally based on the legitimate state goal of protecting taxpayer money. Although that is a laudable state objective, and refusing to pay helps to achieve it,

the district court's analysis is based on a misconception regarding equal protection analysis.

To pass rational basis review, it is not sufficient for the state action merely to serve some legitimate government purpose. Instead, there must be some rational basis for the *classification*, which must serve legitimate state ends. In other words, there must be some rational basis for the government to treat an individual or group differently from others similarly situated. *City of Cleburne*, 473 U.S. at 440-42.

The objective of protecting the public fisc in no way serves to distinguish Newman from the sixteen other judgment creditors whose judgments were paid in full. The same can be said of the district court's assertion that the unenforceability of judgments against the city provides another rational basis for denying *this* plaintiff legal interest. Neither of the supposedly rational bases offered by the district court provides any explanation for distinguishing Newman and subjecting it to differential treatment.[1]

That analysis, however, does not end the inquiry. Under the rational-basis test, the defendant does not bear the burden of demonstrating a rational basis for its discriminating treatment. Instead, the plaintiff bears the burden of showing that there is no *conceivable* rational basis. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001). Thus, even if, as here, the explanations offered by the city and the district court fail to pass rational-basis scrutiny, there may be another reasonably-imaginable rationale that would survive the test. It is *Newman's* burden to show that there is none.

---

[1] In the district court, the city also argued that a new city ordinance establishing a policy of not paying interest on judgments provides a rational basis on which to deny payment of interest on the Campus Plan judgment. The court, having already found what it considered to be a rational basis, declined to reach the merits of that argument. Because we conclude that the rationales proposed by the court are insufficient, it may wish, on remand, to address the new ordinance on the merits.

Though yet more arguments supporting classification are plausible, it is not the job of this court to invent them. The summary judgment on Newman's equal protection claim is based on the erroneous belief that Newman had failed to negative the public-fisc rationale. Because that reasoning provides no explanation for treating Newman's claim differently from that of the other judgment creditors, the summary judgment was premature. A conceivable rational basis may still exist, however, for defendants' actions. We thus vacate the summary judgment on the equal protection claim and remand for further proceedings.

## B.

Newman argues that the refusal to pay legal interest was in retaliation for its exercising its constitutional right to seek judicial relief. The district court reviewed the retaliation claim under the four-prong test in *Reeves v. Wood*, 206 F. App'x 368, 369 (5th Cir. 2006), under which the elements are "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the [plaintiff] for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." The court found that there was no retaliatory adverse act, because "Newman was not deprived of a substantive or vested property right" (citing *Minton v. St. Bernard Parish Sch. Bd.*, 803 F.2d 129 (5th Cir. 1986)). The court held that, because Newman had no right to enforce its judgment against the city, the company did not suffer the requisite injury to show an adverse act.

To the contrary, though Newman lacked a "vested property right," it did suffer an injury sufficient to meet the third prong of *Reeves. Minton* involved a claim based on the Due Process Clause, which requires showing a deprivation of life, liberty, or property, but the injury required to meet the "adverse act" prong of a retaliation claim has no such threshold inquiry.

Regardless of whether a plaintiff has a right to public funds, governments may not deny payment based on the exercise of a constitutional right. Instead,

the plaintiff must show only some injury that is more than *de minimis*––that is, action that is "capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). A decision by a city not to pay a plaintiff interest because it has sued the city has such potential to chill the exercise of First Amendment rights and is therefore sufficient to satisfy the third prong.

The district court held, in the alternative, that even if Newman satisfied the first three prongs, its claim would fail for lack of causation. Once a *prima facie* retaliation claim has been established, the burden shifts to the defendant to show that it would have taken the same action regardless of any retaliatory motive. *Hartman v. Moore*, 547 U.S. 250, 260 (2006). The district court held that the city had satisfied that burden through deposition testimony indicating that its actions were motivated primarily by a desire to save taxpayer money.

There is, however, insufficient summary judgment evidence showing that the city would have taken the same actions regardless of retaliatory animus. In fact, the city's discovery responses indicate that Newman's decision to litigate was precisely the trigger for the city's adverse actions. Assuming, as did the district court, that the plaintiff made out its *prima facie* retaliation claim, the city failed to satisfy its summary judgment burden to show lack of causation. We therefore reverse the summary judgment on the retaliation claim and remand for consideration of the remaining elements of the retaliation analysis.

For the foregoing reasons, the summary judgment on Newman's equal protection claim is VACATED, the summary judgment on the retaliation claim is REVERSED, and this matter is REMANDED for further action in accord with this opinion. We express no view on what decisions the district court should make on remand or on the ultimate merits of any claims.