**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2009

Charles R. Fulbruge III
Clerk

No. 09-40489
Summary Calendar

DANNY ALLEN

Plaintiff - Appellant

v.

COUNTY OF GALVESTON, TEXAS; GEAN LEONARD, Galveston County
Sheriff

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:07-CV-341

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Danny Allen claims that he was terminated from his job with the
Galveston County Sheriff's Office because he is African-American. The district
court granted summary judgment in the defendants' favor on the basis that
Allen had failed to timely file a charge of employment discrimination with the
Equal Employment Opportunity Commission (EEOC). The court held, in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

alternative, that Allen had failed to establish a prima facie case of discrimination and that the County had legitimate, nondiscriminatory reasons for terminating Allen. We affirm the district court's grant of summary judgment because Allen failed to timely file a charge with the EEOC.

We review the district court's grant of summary judgment de novo. *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A Title VII plaintiff in Texas must file a charge of discrimination with the EEOC within 300 days after learning of the unlawful employment practice that is alleged. *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998); 42 U.S.C. § 2000e-5(e)(1). This limitation period is not tolled by the pendency of a grievance or other review process that may take place after the employee is informed of the adverse employment decision. *Delaware State College v. Ricks*, 449 U.S. 250, 261 (1980). The date when the employee receives notice of termination, and not the final date of employment, is the date from which the limitation period begins to run. *Elliott v. Group Medical & Surgical Serv.*, 714 F.2d 556, 563 (5th Cir. 1983).

Allen filed his charge with the EEOC on May 17, 2006. According to the County, he was given notice of termination on July 6, 2005. Because May 17, 2006, was 316 days after July 6, 2005, Allen did not file his charge within the 300-day limitation period if he was given notice on July 6, 2005. But Allen contends that he was only given notice on July 27, 2005. If that were the correct date, then Allen would have filed his charge within the limitation period.

The district court did not err in concluding that there was no genuine issue of material fact as to whether Allen was given notice of termination on July 6, 2005. The record includes a form dated July 6, 2005, informing Allen of his

termination, which bears Allen's signature. The record also includes a different form dated July 27, 2005, also informing Allen of his termination, also bearing Allen's signature. Allen claims that the date of July 6 is merely a typographical error which was corrected by the July 27 form. But the record shows that the two different notices of termination resulted from two different investigations into separate allegations of misconduct by Allen. Allen's bare assertion that the July 6 date was a typographical error is not enough to create a genuine issue of material fact. "Summary judgment is appropriate where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant." *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993).

The judgment of the district court is AFFIRMED.