# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2010

No. 10-30618
Summary Calendar

Lyle W. Cayce
Clerk

DANNY R. JEFFERSON,

Plaintiff - Appellant

v.

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,
on behalf of Probation & Parole Division; DANNY FULLER; DAVID W.
CAGNOLATTI,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC 3:09-CV-49

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Danny Jefferson, proceeding *pro se*, appeals the district court's order setting aside entry of default against the defendants. He argues the defendants should not have been permitted to file a proposed answer while in default. Finding no error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30618

On January 12, 2009, Jefferson filed suit under 42 U.S.C. § 1983 against State of Louisiana employees Danny Fuller and David Cagnolatti. Jefferson claimed the defendants violated his constitutional due process rights in a parole revocation hearing. He sought $4,022,000 in compensatory and punitive damages.

The defendants did not answer or otherwise respond. On February 26, 2009, Jefferson filed for entry of default. The clerk entered default the next day. The clerk's one-page "Notice of Entry of Default" included the following: "For the court to issue a default judgment under Fed.R.Civ.P. 55, a motion to that effect must be filed by plaintiff. A delay of at least ten (10) days from the date of this notice must elapse before issuance of a default judgment by the court under LR 55.1 M&W."

On March 6, 2009, the State of Louisiana, on behalf of its employees, filed a motion to set aside the entry of default and a proposed answer. It attributed its delay in answering the complaint to "inadvertent neglect" of counsel. Four days later, Jefferson moved for default judgment.

The district court granted the State's motion to set aside the entry of default. It found that the State had good cause for its untimely response, had not willfully failed to respond, and "took quick action to cure the default." The court also found that the State had a meritorious defense to Jefferson's suit, and that Jefferson would not be prejudiced by setting aside the entry of default.

After two earlier appeals to this court, which were dismissed, the district court granted summary judgment for defendants. This appeal followed.

Jefferson's primary argument is that the relevant procedural rule prohibits a party in default from filing a proposed answer. The cited rule states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Jefferson has pointed to no other rule, case, or authority to support his argument.

2

No. 10-30618

Rule 55(c) makes no reference to a party's answer and cannot be read to prohibit a party in default from filing a proposed answer. *Id.* A proposed answer can usefully detail the defaulting party's allegedly meritorious defenses. Those points will support the movant's argument that there is good cause to set aside the entry of default. Jefferson's claim of error is meritless.

In addition, Jefferson assumes he was automatically entitled to a default judgment on the eleventh day after the clerk's entry of default. That is incorrect. There are two steps in the default judgment process – one for the clerk, and one for the court. The first step is entry of default. If the plaintiff files a sufficient application for entry of default, "the clerk *must* enter the party's default." *Id.* at 55(a) (emphasis added). The clerk did so here.

The second step is consideration of a default judgment. *Id.* at 55(b). Because Jefferson's claim is a Section 1983 action with uncertain damages, the court could evaluate the proper amount of damages, "conduct hearings or make referrals[,]" or "investigate any other matter" as it saw fit. *Id.* at 55(b)(2). Entering a judgment based on the default is at the discretion of the court, which means Jefferson was not entitled to a default judgment simply because of the earlier entry of a default. A defendant is entitled to file a motion to have either an entry of default or even a default judgment set aside by showing "good cause." *Id.* at 55(c). The district court found that the State had shown good cause.

We review a court's order vacating an entry of default for an abuse of discretion. *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000). Default judgments are "generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Id.* at 292 (quotation marks and citation omitted). Nothing supports this default judgment other than the State's failure to meet the requirement of a timely answer. The district court accordingly did not abuse its discretion in vacating the entry of default.

No. 10-30618

We have just discussed the only argument fully addressed in Jefferson's brief. Because Jefferson is proceeding *pro se*, however, we exercise our discretion to address other arguments reasonably inferred from his brief. *In re Texas Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010).

Jefferson argues that the State's motion to set aside the entry of default and its proposed answer are "illegal" pleadings because counsel failed to attach a proposed order, thereby resulting in default judgment. *See* W.D. La. R. 7.4.1W. We note first that Jefferson himself filed a pleading with the same deficiency one month prior to the State's pleadings in question. Additionally, as discussed above, the expiration of the 10-day waiting period would not have automatically resulted in a $4 million default judgment. Regardless, while the State's pleadings were deemed deficient upon filing, the State soon corrected its error by filing a proposed order. The district court then cautioned the State's attorney to comply with the federal and local rules. The district court's resolution of this issue did not constitute error.

As a final matter, Jefferson complains that counsel for the State falsified the certificate of service for the motion to set aside the entry of default. This argument is based on the State's certificate of service referring to Jefferson with the wrong last name. Jefferson claims this was intentional, designed to ensure he did not get the documents and thus hampering his ability to respond.

This issue was addressed by the district court in its order of April 6, 2009. The court looked at Jefferson's filings in opposition to the State's motion, found that he was aware of the State's motion, and therefore found any deficiency to be harmless. The court declined to strike the motion or penalize the State. We review the district court's decision on sanctions for an abuse of discretion. *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 803 (5th Cir. 2003). There was none. AFFIRMED.