# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2011

No.  11-30656
Summary Calendar

Lyle W. Cayce
Clerk

CITIZENS NATIONAL BANK, N.A.,

                             Plaintiff - Appellee

v.

UNITED STATES OF AMERICA, on behalf of Internal Revenue Service,

                             Defendants - Appellee

v.

MICHAEL D. COX,

                             Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CV-726

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

The federal district court dismissed the United States from this interpleader (concursus, in Louisiana terminology) action filed by a bank after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40510

the IRS filed a notice of levy on over $9,000 held there by Michael Cox. The court also dismissed the bank's interpleader action and ordered the interpleaded account funds returned to the bank. The bank has since surrendered the funds to the IRS.

In this appeal, Michael Cox emphatically does not challenge the district court's dismissal for lack of jurisdiction, as he agrees — for his own eccentric reasons — that the court lacked jurisdiction. He does not want the case reinstated in federal court; instead, he wants this court to order the district court to remand the interpleader action back to state court from whence it came. Mr. Cox fundamentally misunderstands the jurisprudence applicable to this case.

The federal district court had jurisdiction under 28 U.S.C. § 1442(a)(1) to decide that the United States had not waived its sovereign immunity in this case. When it did so, there was no further basis for jurisdiction over the interpleader action because there were not two adverse claimants to the bank account. When the district court dismissed the case and returned the funds to the bank, it lost control over those funds completely.

The court's action simply placed Cox and the bank in their respective pre-suit positions. As this court explained in a similar case, because the district court returned the funds in question, those funds are now gone, and the question of who is entitled to those funds is moot. *Settlement Funding v. Transamerica Occidental Life*, 555 F.3d 422, 426 n.4 (5th Cir. 2009). Here, the federal district court, having given up control of the funds and dismissed the bank from this action, cannot now exercise jurisdiction over the bank's property by remanding the suit to state court. Neither the district court nor this court can resurrect jurisdiction over funds that have been disbursed from the court's registry.

Judgment **AFFIRMED.**